UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IN ADMIRALTY

IN THE MATTER OF:

                    Case No. 5:24-cv-614-JSM-PRL

THE PETITIONOF JEFF REVIS
WRECKER SERVICE, INC.
d/b/a CIRCLE HOOK FISHING,
as owner of a 2018 36-foot Yellowfin,
Hull Identification Number (HIN)
YFY36509C818,
IN A CAUSE OF EXONERATION FROM
OR LIMITATION OF LIABILITY
_____/

REPORT AND RECOMMENDATION[1]

This matter is before me on referral for consideration of the Petitioner's motion for entry of default final judgment for exoneration from liability against all non-appearing potential claimants. (Doc. 15). For the reasons discussed below, I

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

respectfully recommend that the Petitioners' motion be granted.

I.    BACKGROUND

As alleged in its complaint, Petitioner, Jeff Revis Wrecker Service, Inc. d/b/a Circle Hook Fishing ("Circle Hook"), is the owner of a 36' Yellowfin, bearing Hull Identification Number YFY36509C818 ("the vessel"). (Doc. 1). The complaint alleges that the vessel was involved in a collision on July 4, 2024, with a pontoon boat on Crystal River, in Citrus County, Florida. One of the passengers of the pontoon boat, Michael Fletcher, died as a result of injuries sustained in the accident. (Doc. 1 at 3).

Seeking to minimize, if not eliminate, exposure for the accident, Petitioner filed a complaint pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.* (the Act), as well as Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (Supplemental Rule F).   (Doc. 1).

The Court approved the Petitioner's letter of undertaking as security for a limitation fund and directed that a notice of monition be published in accordance with Supplemental Rule F and the Local Admiralty Rules, as well as mailed to every person known to have made any claim arising out the Incident against the Petitioners or the Vessel. (Doc. 9). The Petitioner thereafter published the notice of monition in the *Ocala Star Banner* on December 17, 24 and 31, 2024, and on January 7, 2025. (Doc. 12-1). The notice was also published in the *Citrus County Chronicle* on December 19 and 26, 2024, and on January 2 and 9, 2025. (Doc. 12-2). The notice was also emailed to counsel for the personal representative of the Estate of Michael Fletcher, and counsel accepted service on the personal representative's behalf. (Doc. 15 at 3).

The notice of monition established a March 4, 2025, deadline for all persons or corporations with claims arising from the accident to file such claims with the Clerk of Court and to serve a copy on the Petitioner's attorneys. (Doc. 11). The notice further advised that a failure to timely file a claim or answer could result in a waiver of the right to do so. No appearance was made on behalf of any potential claimants. Petitioner moved for the entry of a Clerk's default as to all non-appearing claimants (Doc. 13), and the Clerk of Court entered such a default on April 3, 2025. (Doc. 14).

By way of the instant motion, the Petitioner seeks a default judgment against the estate of Michael Fletcher and all non-appearing potential claimants pursuant to Federal Rule of Civil Procedure 55(b)(2) and Supplemental Rule F. (Doc. 15). There has been no objection to the motion.

II.    LEGAL STANDARDS

Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  After the entry of a Clerk's default, a plaintiff may apply for a default judgment either to the Clerk or to the Court.  Fed. R. Civ. P. 55(b).  This two-step procedure has been found to apply in admiralty cases, which—like this one—are brought pursuant to the Act.  *See, e.g., In re Complaint of Wild Fla. Airboats, LLC*, 2017 WL 3891777, at *2 (M.D. Fla. Aug. 29, 2017) (citation omitted).

3

In such cases, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and for the filing of claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.  The date so fixed shall not be less than 30 days after issuance of the notice. . . . The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims.  The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Fed. R. Civ. P. Supp. F(4).

Supplemental Rule F(5) further instructs that, once notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Fed. R. Civ. P. Supp. F(5). Supplemental Rule F(5) also provides that, "[i]f a claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve an answer to the complaint unless the claim has included an answer."  *Id.*

Under these rules, a default judgment is warranted against each party who fails to file a claim within the period designated by the Court, provided that the petitioner has supplied the requisite notice. *See Matter of Freedom Marine Sales, LLC*, 2019 WL 3848875, at *2 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL

4

3835945 (M.D. Fla. Aug. 15, 2019); *Matter of Newport Freedog, LLC*, 2018 WL 3687986, at *2 (M.D. Fla. July 16, 2018), *report and recommendation adopted sub nom.*, *Newport Freedog, LLC v. Pepin*, 2018 WL 3656475 (M.D. Fla. Aug. 2, 2018); *Matter of Pepin*, 2018 WL 4762896, at *1 (M.D. Fla. July 17, 2018); *In re Petition of Holliday*, 2015 WL 3404469, at *3 (M.D. Fla. May 26, 2015).

Here, as noted above, the Petitioner has complied with the notice requirements, and no individual or entity has made an appearance disputing Petitioner's right to exoneration from or limitation of liability. The time for filing claims has since expired, and a Clerk's default has been entered against all non-appearing claimants. (Doc. 14). Accordingly, the entry of a default judgment is now permitted. In addition, in accordance with Federal Rule of Civil Procedure 54(b), and given the nature of the claims in this action, I submit that there is no just reason for delay in entering such a judgment.

III.    RECOMMENDATION

For the reasons explained above, I respectfully recommend that Petitioner's motion for entry of default final judgment for exoneration from liability against all non-appearing potential claimants (Doc. 15) be GRANTED, and that the Clerk be directed to enter a Final Judgment for Exoneration by Default in the Petitioner's favor and against all claimants having an interest in this matter who failed to appear in this action.

Recommended in Ocala, Florida on June 20, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy